**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

 vs.                **1:12-CV-0376
                     (MAD/ATB)**

**KENNETH KELLY,**

      **Defendant.**
_____

**APPEARANCES:**               **OF COUNSEL:**

OVERTON, RUSSELL, DOERR & DONOVAN, LLP  Linda L. Donovan, Esq.
19 Executive Park Drive
Clifton Park, New York 12065
*Attorney for Plaintiff*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On March 1, 2012, plaintiff United States of America ("plaintiff") commenced the above captioned action alleging that defendant defaulted on promissory notes. Presently before the Court is plaintiff's motion for entry of a default judgment against defendant. (Dkt. No. 10). The Court has jurisdiction over this suit pursuant to 28 U.S.C. § 1345.

### II. BACKGROUND

The Court has taken the facts set forth below from plaintiff's complaint, exhibits attached to the within motion and the Certificate of Indebtedness from the United States Department of Education executed on July 24, 2012.[1] Defendant Kenneth Kelly is an individual and resident of New York. On May 20, 1992, December 8, 1992, May 9, 1993, August 18, 1994 and February

---

[1] Defendant has submitted no contrary evidence as to the material facts.

21, 1994, defendant executed promissory notes to secure loans in the amount of $1,800.00,$800.00, $3,500.00, $5,500.00 and $804.00 from Wilber National Bank. The loans were disbursed as follows: $1,800.00 and $800.00 on January 11, 1993; $3,500.00 on January 10, 1994; $2,636.00 on November 21, 1994; and $804.00 on May 5, 1995. The loans were disbursed at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by New York Higher Education Services Corporation ("NYHESC" or "Guarantee Agency") and then reinsured by the U.S. Department of Education under loan guaranty programs authorized under Title IV–B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682).

The holder of the note, demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. On June 26, 1996 and July 1, 1996, defendant defaulted on the loans and the holder filed a claim on the loan guarantee. Due to this default, NYHESC, as the guarantee agency, paid the claim amount of $10,329.43 to the holder. NYHESC was subsequently reimbursed by the U.S. Department of Education under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), NYHESC attempted, unsuccessfully, to collect the debt from the defendant. Accordingly, on November 9, 1998, NYHESC assigned its right and titled to the loan to the U.S. Department of Education. The U.S. Department of Education remains the owner and holder of the note.

On April 27, 2010, U.S. Department of Education Loan Analyst Alberto Francisco signed, under penalty of perjury, a Certificate of Indebtedness reflecting that, as of July 24, 2012, defendant owes the following:

| | |
|---|---|
| Principal | $10,329.43 |
| Interest | $ 9,747.41 |
| Total | $20,076.84 |

The Certificate also provides that, "[i]nterest accrues on the principal shown here at a rate of 3.19% per annum at a daily rate of $.90 through June 30, 2013 and thereafter at such a rate as the Department establishes".

On March 1, 2012, plaintiff filed the complaint (Dkt. No. 1) alleging that defendant owes debt as follows:

### FIRST CAUSE OF ACTION

| | |
|---|---|
| Current Principal | $ 3,685.28 |
| Current Capitalized Interest Balance and Accrued Interest | $ 4,701.22 |
| Administrative Fee, Costs, Penalties | $ 0 |
| Total | $8,386.50 |

### SECOND CAUSE OF ACTION

| | |
|---|---|
| Current Principal | $6,644.15 |
| Current Capitalized Interest Balance and Accrued Interest | $8,053.80 |
| Administrative Fee, Costs, Penalties | $ 0 |
| Total | $14,697.95 |

Plaintiff seeks the sum above plus prejudgment interest through the date of judgment, administrative costs allowed by law and post-judgment interest pursuant to 28 U.S.C. § 1961.

## III. DISCUSSION

### A. Default Judgment

"Under Rule 55(b) default judgment shall be entered if a defendant has failed to plead or otherwise defend an action." *Parise v. Riccelli Haulers, Inc.*, 672 F.Supp. 72, 74 (N.D.N.Y.1987). Fed.R.Civ.P. 55(b)(2) and Local Rule 55.2 set forth the procedural prerequisites plaintiffs must meet before a motion for default motion may be granted. Plaintiff must: (1) properly serve

3

defendant with a summons and complaint (to which no response has been made); (2) obtain an entry of default; and (3) provide an affidavit setting forth the facts required by L.R. 55.2(a), including an affidavit of non-military service and evidence that defendant is neither an infant nor incompetent. *See* Fed.R.Civ.P. 55(b)(2); N.Y.N.D.L.R. 55.1 and 55.2.

As referenced above, plaintiff filed a complaint on March 1, 2012. On March 20, 2012, plaintiff filed the return of service with the Court. Plaintiff avers that defendant never answered or otherwise moved with respect to the complaint, thus on April 11, 2012, plaintiff requested a clerk's entry of default. Said default was entered on April, 12, 2012. On July 27, 2012, plaintiff filed a notice of motion for default judgment pursuant to Fed.R.Civ.P. 55(b). Plaintiff has fulfilled the procedural prerequisites for default judgment. Accordingly, the Court will address the issues of liability and damages.

**B.    Liability**

"A party's default is deemed to constitute a concession of all well-pleaded allegations of liability." *Greyhound Exhibitgroup v. E.L. U.L. Realty*, 973 F.2d 155, 158 (2d Cir. 1992). The only question remaining is whether plaintiff has provided adequate support for the relief sought. *Id*. The allegations in plaintiff's complaint and supporting papers are therefore presumed accurate.

Here, plaintiff claims that defendant defaulted on his obligations under the Notes. By failing to answer plaintiff's complaint or oppose this motion, defendant has effectively conceded that he is bound by the terms of the Notes he entered into with plaintiff, and liable for the entire amount as assessed by plaintiff, as well as interest. Plaintiff has met the "modest threshold burden in establishing entitlement to a default judgment against defendant, under the circumstances". *See U.S. v. Simmons*, 2012 WL 685498, at *2 (N.D.N.Y. 2012).

4

**C.     Damages**

Courts have previously awarded plaintiffs damages relying solely on Certificate of Indebtedness. *U.S. v. Zdenek*, 2011 WL 6754100, at *2 (E.D.N.Y. 2011) (collecting cases). Here, according to the Certificates of Indebtedness, $10, 329.43 in principal remains due and owing to plaintiff, $9,747.41 in accrued interest, plus additional interest in the amount of $.90 per day through the date of judgment.[2] The Court awards plaintiff the aforementioned amount. *See id.*

In addition, plaintiff seeks post-judgment interest pursuant to 28 U.S.C. § 1961. The statute provides, in pertinent part:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

"Post-judgment interest serves as a means to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant". *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 101 (2d Cir. 2004) (citation and quotation omitted). An award of post-judgment interest is mandatory in any civil case where money damages are recovered. *U.S. v. Saccente*, 2011 WL 1044475, at *2 (E.D.N.Y. 2011). Accordingly, plaintiff is awarded post-judgment interest calculated pursuant to 28 U.S.C. § 1961.

Plaintiff also seeks $25.00 for service and travel pursuant to 28 U.S.C. § 1921. The submissions are insufficient in this regard. Plaintiff has failed to provide any explanation or

---

[2] The amount of additional interest through the date of judgment listed in the Certificate of Indebtedness is different than the amount listed in counsel's affidavit. However, the Court will award the amount based upon the Certificate of Indebtedness. *See Zdenek*, 2011 WL 6754100, at *

documentation to support this request for fees. *See U.S. v. Zdenek*, 2011 WL 6754100, at *2 (E.D.N.Y. 2011). Accordingly, the Court denies plaintiff's request.

## IV. CONCLUSION

It is hereby

**ORDERED** that in view of default by defendant in failing to answer the complaint or make any appearance in this matter and the Clerk of the Court having entered default by defendant and no appearance or objection having been made by defendant since that time, plaintiff's motion for default judgment (Dkt. No.10) against defendant is **GRANTED**; it if further

**ORDERED** that plaintiff, on the first cause of action, is awarded $10,329.93 in unpaid principal, $9,747.41 in accrued interest, an additional $.90 in interest for each day after July 24, 2012 until judgment is entered, and post-judgment interest calculated pursuant to 28 U.S.C. § 1961.

The Clerk of the Court is directed to enter judgment and close this case.

**IT IS SO ORDERED.**

Dated: January 29, 2013
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge